FRANK P. CROUCH, Plaintiff, *v.* FRANK NAST and VINCENZO ARSI-
ELLO, Defendants.

*A contract vendee sued in ejectment by a vendor unable to give a clear title — he is
entitled to recover money paid for the purchase and for the improvement of the
premises less the rental value — if the plaintiff has a part interest in the land he
should repay a like part of such money.*

In an action in ejectment to recover an undivided one-fourth interest in certain
lands, it appeared that one Crouch died seized of the lands, leaving a will, by
which he devised an undivided one-fourth interest therein to the plaintiff, and
by which he clothed his executors with a power to sell such lands; that the
plaintiff, who was one of the executors, acting on behalf of himself and the
executors, contracted to sell the premises to the defendants for the sum of $1,000;
that the defendants paid $100 on the contract, entered into possession of the
lands and expended moneys thereon; that the executors were unable to convey
a clear title to the lands, and that the defendants for that reason refused to ful-
fill the contract.

*Held,* that as a condition of securing possession of the one-fourth interest to
which he was entitled, the plaintiff should be compelled to repay to the defend-
ants one-fourth of the $100 paid by them upon the contract, with inter-
est, and also one-fourth of the moneys expended by them for the benefit
of the premises, the last item being subject to a deduction of the rental value
of plaintiff's said interest in the premises while the defendants were in posses-
sion thereof.

MOTION by the defendants, Frank Nast and another, for a new
trial upon a case containing exceptions, ordered to be heard at the
Appellate Division in the first instance, upon the verdict of a jury
in favor of the plaintiff, rendered by direction of the court after a
trial at the Monroe Trial Term.

The action is one of ejectment brought to recover possession of
an undivided fourth interest in certain premises. It was brought
on for trial at a Trial Term of the Supreme Court held in Monroe
county in March, 1902, and a verdict was directed for the plaintiff
for the relief demanded in the complaint.

*Horace G. Pierce,* for the plaintiff.

*W. Henry Davis,* for the defendants.

HISCOCK, J.:

We think that the defendants' exceptions should be allowed and
their motion for a new trial be granted, because of the failure, in

directing a verdict for their ejectment, to provide for repayment to them of certain moneys paid upon a contract for the purchase of said premises, and under which they went into possession thereof; and also because of the failure to provide for reimbursement to them of certain moneys claimed to have been expended in improving said premises.

One Crouch died being seized and possessed of the land in question. He left a last will and testament, under which he gave and devised to this plaintiff an undivided fourth part of all of his real estate, including the premises in question, and of which last will and testament he appointed plaintiff and one other executors. The printed record does not contain a copy of the instrument, but apparently it clothed said executors with a power of sale of real estate, and thereafter plaintiff, acting, as alleged in his complaint, " on behalf of himself and the executors, entered into a contract for the sale to the defendants of the premises (in question) for the sum of $1,000." One hundred dollars was paid upon this contract at the time of its execution, and the balance was to be paid in various installments thereafter. Defendants went into possession of said premises under said contract. It is undisputed that the executors were unable to furnish such title as they were under obligations to, and defendants for that reason declined to make further payment or fulfill their part of said contract.

There being no question about these facts, there can be no serious doubt about the legal conclusions to be drawn therefrom that specific performance by the parties of said contract was rendered impossible, and that the contract was in that respect terminated. Such failure to perform and termination, however, left the parties subject to certain rights and obligations. The defendants, because of the inability of their vendors to furnish proper title, were not entitled, indefinitely and without limitation, to retain possession of the premises. Upon the other hand, as we regard it, the vendors did not have the right to retake the lands and eject defendants therefrom without fairly restoring them to the condition in which they were before the contract was made. If they desired to treat the contract as terminated and rescinded, it was, we think, their plain duty to restore to defendants that which had been obtained under and by virtue of the contract while in force. The ordinary

and general rule is that a person who, having made a contract, thereafter desires to be relieved therefrom for some reason other than fault attributable to the opposite party, must, as a condition precedent, restore to the latter whatever has been obtained under the contract. So far as the executors are concerned, to hold otherwise in this case would be to permit them to take advantage of their own wrong to the disadvantage of the defendants. It was their failure to furnish the title which they covenanted and agreed to, which has caused the difficulty and trouble and resulting refusal of defendants to go on with the contract.

If the executors who made the contract were bringing this action, it is clear that, as a condition of again securing possession of the premises, they should restore to defendants the $100 paid on the contract, with interest, and also should reimburse them for improvements and repairs made while in possession under the contract less the fair rental value of the premises during said period. The only question which arises in this connection is whether plaintiff is subject in proportion to the same obligations of restoration in favor of defendants. We think he is.

As already pointed out, the plaintiff in his complaint alleges that he made the contract in question " on behalf of himself " as well as the executors. The contract is not in evidence, but a receipt produced shows that plaintiff alone, as executor, received the moneys paid upon the contracts. It is not a violent presumption, in the absence of proof to the contrary, that plaintiff, being the devisee of the lands in question, was entitled to the benefits and proceeds of any sales thereof which the executors might make under the power of sale conferred upon them. In addition to this, the plaintiff's title being so subject to the power of sale conferred upon the executors that they could make a valid contract for the sale of the lands devised to him, we think his rights continued to be so subject to such power of sale in the executors that if he would get rid of a contract made by them he must do the same manner of equity to a vendee which they would have been compelled to do. Inasmuch, however, as he seeks to recover but an undivided quarter interest of the premises, his duty to reimburse the defendants should be limited to one-fourth of the obligations which would rest upon those seeking to recover the entire premises. In other words, as a condition of

securing possession of such interest in the lands now possessed by the defendants, he should under the circumstances be compelled to repay to them one-fourth of the payment of $100 made upon the contract, with interest, and also one-fourth of the moneys expended by them for the benefit of the premises, subject to deduction from said last item of the rental value of said interest while possessed by defendants.

In accordance with these views the defendants' motion for a new trial should be granted.

McLENNAN, SPRING and WILLIAMS, JJ., concurred; NASH, J., not sitting.

Defendants' exceptions sustained and motion for new trial granted, with costs to the defendants to abide event.